# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGG HAGGART,<br><br>                             Plaintiff,<br><br>vs.<br><br>JOHN D. GIBBS, et al.,<br><br>                            Defendants. | CASE NO. 19cv928-LAB (LL)<br><br>**ORDER REMANDING CASE** |

      In March 2019, Plaintiff Gregg Haggart filed this unlawful detainer action against the Defendant-Tenants in San Diego County Superior Court, alleging that the Defendants failed to pay rent and other expenses in violation of the parties' lease agreement. *See* Dkt. 1-1. Defendants removed the case to this Court on May 17, 2019. *See* Dkt. 1.

      The Court is obligated to inquire into jurisdiction over removed actions and to remand cases where jurisdiction is lacking, *sua sponte* if necessary. *See Mt. Healthy City School Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 278 (1977) (holding that federal courts must inquire *sua* sponte whenever its jurisdiction is in doubt); *Smith v. Mylan, Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014) (citing 28 U.S.C. § 1447(c)) (holding that district courts must remand removed case *sua sponte* if at any time before final judgment it appears that jurisdiction is lacking).

      Defendants claim that Haggart cannot have them evicted without violating the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), and that this case therefore presents a federal question that gives rise to jurisdiction. But the PTFA does not create a

private right of action; rather, it provides a defense to state law unlawful detainer actions. *See Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1164 (9th Cir. 2013) (affirming dismissal of the complaint because the PTFA "does not create a private right of action allowing [plaintiff] to enforce its requirements"). It is well settled that a "case may not be removed to federal court on the basis of a federal defense ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). To the extent Defendants' defenses to the unlawful detainer action are based on alleged violations of federal law, those defenses do not provide a basis for federal question jurisdiction. *See id.* Because Plaintiff's complaint does not present a federal question, either on its face or as artfully pled, the court lacks jurisdiction under 28 U.S.C. § 1441.

This case is **REMANDED** to San Diego County Superior Court. Defendants' motion to proceed IFP is **DENIED AS MOOT**. Dkt. 2. The clerk is directed to close the case.

**IT IS SO ORDERED**.

Dated: May 20, 2019

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge